UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY XAVIER SMITH, | No. 2:18-cv-3198 DB P |
| Plaintiff, | |
| v. | ORDER |
| LISTEN, et al.. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's first amended complaint for screening. For the reasons set forth below, this court finds plaintiff fails to state any potentially cognizable claims. This court will dismiss plaintiff's first amended complaint with leave to amend.

**BACKGROUND**

Plaintiff initiated this action on November 28, 2018 by filing a complaint in the Northern District. (ECF No. 1.) On December 12, 2018, the Northern District transferred the case to this court. (ECF No. 5.) After plaintiff filed his motion to proceed in forma pauperis in March 2019, this court screened the complaint and determined plaintiff failed to state a cognizable claim for relief. (ECF No. 21.) Plaintiff was given thirty days to file an amended complaint. On May 31, he filed a first amended complaint. (ECF No. 24.)

////

1

**SCREENING**

I. **Legal Standards**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

II. **Allegations of the First Amended Complaint (ECF No. 24)**

Plaintiff is currently incarcerated at High Desert State Prison ("HDSP"). He complains of conduct that occurred at Salinas Valley State Prison ("SVSP"), HDSP, and, perhaps, San Quentin. Plaintiff identifies the following defendants: (1) the Warden of SVSP; (2) the Chairperson of the Classification Committee at SVSP; (3) Correctional Counselor ("CC") F. Furtado at HDSP; (4) CC De la Cruz at HDSP; (5) Correctional Officer ("CO") "Whitman" at HDSP; and (6) CO Liston at HDSP.

Plaintiff's allegations in his first claim are difficult to comprehend. He appears to be alleging that he was erroneously transferred to San Quentin.

In his second claim, plaintiff appears to be attempting to challenge a disciplinary proceeding at SVSP that resulted in his transfer to HDSP.

In his third claim, plaintiff alleges he was subjected to excessive force by either defendant Liston or Whitcome (identified as "Whitman" at p. 2 of the first amended complaint). As he did in his original complaint, plaintiff's describes the claim very briefly. He states only that on September 20, 2018 "while helping a friend" he was shot by either Liston or Whitcome.

For relief, plaintiff seeks money damages and his "freedom" under Proposition 57.

### III. Does Plaintiff State a Cognizable Claim?

Initially, the court notes that plaintiff appears to be attempting to add a variety of claims to this action. Plaintiff initiated this action for his claim of excessive force at HDSP. Plaintiff may not bring in unrelated defendants and unrelated claims. Therefore, if plaintiff intends to amend his complaint again, he must limit the second amended complaint to the allegations of excessive force at HDSP and any other claims that are directly related to that event. Because plaintiff does not make any showing of a relationship between his excessive force claim and defendants Warden, Committee Chairperson, Furtado, and De la Cruz, those defendants should not be included in his second amended complaint.

Unfortunately, plaintiff's first amended complaint suffers the same problems as his original complaint. Plaintiff fails to explain just what happened on September 20, 2018; why he believes defendants Liston and Whitcome are responsible; and why their conduct was a violation of his Eighth Amendment rights. Plaintiff was informed previously about the standards for stating a claim for excessive force and what he must do to amend his complaint. Below is a summary of that advice:

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights. To state a claim for excessive force, plaintiff must allege facts showing that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam).
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

| | |
|---|---|
| 1 | • Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. |
| 2 | 18(a). Each separate claim should be contained in a separate, numbered set of |
| 3 | paragraphs. However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants |
| 4 | in the same action only if "any right to relief is asserted against them jointly, |
| 5 | severally, or in the alternative with respect to or arising out of the same |
| 6 | transaction, occurrence, or series of transactions or occurrences," and there is a |
| 7 | "question of law or fact common to all defendants." "Thus multiple claims against |
| 8 | a single party are fine, but Claim A against Defendant 1 should not be joined with |
| 9 | unrelated Claim B against Defendant 2. Unrelated claims against different |
| 10 | defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th |
| 11 | Cir. 2007) (citing 28 U.S.C. § 1915(g)). |
| 12 | • Any amended complaint must show the federal court has jurisdiction, the action is |
| 13 | brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations |
| 14 | are true. It must contain a request for particular relief. Plaintiff is advised that |
| 15 | release from prison is not a form of relief available under § 1983. |
| 16 | • An amended complaint must be complete in itself without reference to any prior |
| 17 | pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior |
| 18 | complaints are superseded. |
| 19 | • Plaintiff must have exhausted his administrative remedies before filing suit. 42 |
| 20 | U.S.C. § 1997e(a). |

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 24) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second

////

Amended Complaint;" failure to file a second amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: June 6, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/smit3198.FAC scrn